**UNITED STATES of America,
Plaintiff,**

v.

**Kevin T. KIRSCH, Defendant.**

**No. CR.02–288 1 PAM/RLE.**

United States District Court,
D. Minnesota.

Oct. 17, 2003.

Charles Lee Hawkins, Mpls, MN, for Defendant.

Henry Joseph Shea, III, US Attorney, Mpls, MN, for Plaintiff.

### STATEMENT OF REASONS FOR IMPOSING SENTENCE

MAGNUSON, District Judge.

## I. FINDINGS OF FACT

Pursuant to the Federal Rules of Criminal Procedure, the probation office has conducted an extensive presentence investigation ("PSI") in this matter. *See* Fed. R.Crim.P. 32(c); 18 U.S.C. § 3552. Both parties raise objections to the statements and conclusions in the PSI. Defendant objects to the restitution amount as calculated by the PSI. The Court denies the majority of Defendant's objections, but finds that the Government did not prove any loss attributable to Defendant's co-Defendant, Mark Gowan, and that therefore this loss must be subtracted from the total restitution amount. The Court will discuss the remaining objections more fully in section V, below. Therefore, subject to the discussion below, the Court adopts as its findings of fact paragraphs 1 through 20, paragraph 21 with the exception of the loss attributed to Gowan Farms, and paragraphs 22 through 84 of the factual statements in the PSI.

## II. PURPOSES

Defendant was found guilty of 18 U.S.C. § 286, conspiracy to defraud the Government and 18 U.S.C. §§ 1001 and 2, false statements to a federal agency. The sentence that the Court imposes is intended to punish Defendant and deter Defendant from committing crimes in the future.

## III. APPLICATION OF THE GUIDELINES

The Court determines that the applicable guidelines are as follows:

| | |
|---|---|
| Total Offense Level: | 22 |
| Criminal History Category: | II |
| Imprisonment Range: | 46 to 57 months |
| Supervised Release: | 2 to 3 years |
| Fine Range: | $10,000 to $100,000 |
| Special Assessment: | $300 |

## IV. SENTENCE

46 months imprisonment on counts 1, 2, and 3, to be served concurrently. 3 years supervised release on counts 1, 2, and 3, to be served concurrently. Special assessment of $300.

## V. STATEMENT OF REASONS

The Court imposes a sentence within the range applicable to this Defendant and for this offense because the facts found are of the kind contemplated by the guidelines. The Court also finds that no aggravating or mitigating circumstances exist that were not adequately considered by the Sentencing Commission.

Defendant moved for a downward departure, contending that his case falls outside the "heartland" of cases and that, pursuant to § 5K2.0, the Court may depart downward. Defendant argues that his case falls outside the heartland because of a combination of "his strong family ties, his history of employment, his strong community support, his education, and his amenability to probationary supervision." (Def.'s Position Paper at 7–8.) The Court finds that Defendant's case does not fall outside the heartland of cases, and that therefore a downward departure is not warranted on this basis.

There is another reason why the Court will not depart in this matter. The Court believes that the day of the downward departure is past. Congress and the Attorney General have instituted policies designed to intimidate and threaten judges into refusing to depart downward, and those policies are working. If the Court were to depart, the Assistant U.S. Attorney would be required to report that de-

parture to the U.S. Attorney, who would in turn be required to report to the Attorney General. The Attorney General would then report the departure to Congress, and Congress could call the undersigned to testify and attempt to justify the departure. This reporting requirement system accomplishes its goal: the Court is intimidated, and the Court is scared to depart. The reporting requirement has another, more invidious effect. Although the Court has a high regard for the Assistant U.S. Attorney who prosecuted this matter, there will be other cases in which the prosecutor will misuse his or her authority. Due to the requirement of reporting departures that is now in place, Courts are no longer able to stop that abuse of power. The reporting requirements will have a devastating effect on our system of justice which, for more than 200 years, has protected the rights of the citizens of this country as set forth in the Constitution. Our justice system depends on a fair and impartial judiciary that is free from intimidation from the other branches of government. The departure reporting requirements constitute an unwarranted intimidation of the judiciary.

The Government contends that the offense level should be increased by two levels because Defendant abused a position of trust and/or used a special skill in the commission of the offense. *See* U.S.S.G. § 3B1.2. The Court finds that Defendant's skill and training in this matter do not rise to the level of "substantial education, training or licensing" required by comment 3 to § 3B1.2. Further, the Court determines that any adjustment for abuse of a position of trust has been accounted for in the adjustment for Defendant's role in the offense. Therefore, therefore a two-level increase pursuant to § 3B1.2 is not warranted.

Finally, as noted above, Defendant makes numerous objections to the restitution amount determined by the Probation Officer. For example, Defendant contends that the Government did not prove that it sufficed any loss as a result of Defendant's conduct, in large part because Defendant was acquitted of mail and wire fraud and money laundering. Defendant argues that the disaster declaration was not reasonably foreseeable and that therefore the disaster payments should be subtracted from the restitution amount. Defendant also contends that, even if the Government proved some loss, any amount of loss attributable to his co-Defendants should be excluded. The Court denies all of Defendant's objections to the restitution, with the exception of the loss attributable to co-Defendant Mark Gowan, who was acquitted of all charges. The Court finds that the loss attributable to Mr. Gowan should not be included in the total restitution due. The Court determines that the Government did not prove by a preponderance of the evidence that Mr. Gowan was in fact over paid for his damaged grain. Therefore, there is no loss attributable to Mr. Gowan, and the restitution ordered below will not include the amount attributable to Mr. Gowan.

During the period of supervised release, Defendant shall abide by the standard conditions of supervision recommended by the Sentencing Commission. Defendant shall not commit any crimes, federal, state or local. In addition, Defendant shall not possess any firearms, destructive devices, or other dangerous weapons.

Defendant shall provide the Probation Officer access to any requested financial information, including credit reports, credit card bills, bank statements, and telephone bills. Defendant shall be prohibited from incurring new credit card charges or opening additional lines of credit without approval of the Probation Officer. Moreover, Defendant shall not hold employment

with fiduciary responsibilities without prior approval from the Probation Officer.

Because the instant offense is not drug related and because Defendant does not have a history of drug abuse, Defendant is not required to undergo mandatory drug testing as set forth by 18 U.S.C. §§ 3563(a) and 3583(d). Defendant shall abstain from the use of alcohol and other intoxicants. Defendant shall participate in a program for alcohol abuse as approved by the Probation Officer. That program may include testing and inpatient or outpatient treatment, counseling, or a support group.

The Court recognizes that the restitution ordered below will render Defendant indigent. Therefore, because of Defendant's inability to pay, the Court does not order Defendant to pay a fine or costs of imprisonment or supervision. However, Defendant is responsible for paying restitution in the amount of $751,757.59 to the United States Department of Agriculture, Office of Risk Management, Attention: John Wiley, Financial Operations Branch, 6501 Beacon Drive, Stop Code 0814, Kansas City, Missouri, 64133–4676. Of the $751,757.59 in restitution, $6,452 is to be paid jointly and severally with Douglas Becker; $6,000 is to be paid jointly and severally with Paul Becker; and $11,094.59 is to be paid jointly and severally with Shawn Montgomery. Payments of not less than $250 per month are to be made over a period of three years commencing 30 days after release from confinement. All payments are to be made payable to the Clerk, U.S. District Court, for disbursement to the victim. Over the period of incarceration, Defendant shall make payments of either quarterly installments of a minimum of $25 if working non-UNICOR or a minimum of 50% of monthly earnings if working UNICOR. It is recommended that Defendant participate in the Inmate Financial Responsibility Program while incarcerated. Restitution is due and payable immediately. Interest and penalties on this amount are waived pursuant to 18 U.S.C. § 3612(f)(3).

The Court recommends that the Bureau of Prisons place Defendant at its unsecured facility in Duluth, Minnesota. The Court believes that the Bureau will agree that the incidents in Defendant's criminal history do not warrant a higher-security facility.

Finally, the Court finds that Defendant is an appropriate candidate for voluntary surrender. He shall surrender himself to the Office of the United States Marshal in Minneapolis or at such other place as the Marshal shall designate on Monday, November 3, 2003, at or before 11:00 a.m.